**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERDINANDUS HUDI SANTOSA; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72593 <br><br> Agency Nos. A096-353-196 <br> A096-353-197 <br> A096-353-199 <br> A096-353-200 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Fernandus Hudi Santosa and his family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that petitioners failed to establish past persecution because the harassment and discrimination petitioners experienced as a result of their Christian religion did not rise to the level of persecution, *see id*. at 1059-60, and Indonesian authorities were able to control the protesters at petitioners' 1999 concert, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). In addition, we reject petitioners' contention that the BIA erred because it did not expressly state it considered the harm of their past experiences in Indonesia cumulatively. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[t]he [BIA] does not have to write an exegesis on every contention.") (internal quotes omitted).

Substantial evidence also supports the BIA's finding that petitioners failed to establish a well-founded fear of future persecution because they did not show sufficient individualized risk, *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004), and they failed to establish a pattern or practice of persecution by forces the government was unable or unwilling to control, *see Lolong v. Gonzales*, 484 F.3d 1173, 1180 (9th Cir. 2007) (en banc). Accordingly, petitioners' asylum claim fails.

**PETITION FOR REVIEW DENIED.**

2